(55 Misc. Rep. 395.)

### LENKEIT v. MITCHELL et al.

(Supreme Court, Special Term, New York County. July, 1907.)

BROKERS—ACTION FOR COMMISSIONS—COMPLAINT.

Plaintiff sued to recover commissions for selling bonds in Germany. The complaint alleged that the sale was not completed because the prospectus furnished by defendants contained false statements; that one defendant, sent to Germany with plaintiff by the defendants, had such an evil reputation that it prevented the sale; and that defendants recalled plaintiff before he had reasonable opportunity to complete the sales.

*Held* to state no cause of action for failing to show that performance was not impossible because of the bad reputation of one of the defendants; that being a risk which was assumed by plaintiff.

Action by R. H. Lenkeit against George Mitchell and others. On demurrer to complaint for insufficiency. Sustained.

Roelker, Bailey & Curtis, for plaintiff.
J. A. O'Leary, for defendant Silverberg.
David W. Armstrong, for other defendants.

BISCHOFF, J. In substance, the complaint alleges, for a first cause of action, that the defendants employed the plaintiff to sell certain bonds in Germany, and promised that he should be paid for his services any sums procured upon the sales over and above $80 for each bond; that a prospectus was given him by the defendants for exhibition to prospective buyers, but that, although the fact was unknown to the plaintiff, this prospectus was false in its material statements; that the defendants sent the defendant Silverberg to Germany with the plaintiff, and that the defendants knew, although the plaintiff did not, that Silverberg had an evil reputation; that some five months after the plaintiff had sailed for Germany the defendants recalled him and revoked his employment; that he had procured purchasers of the bonds, to the extent of 6,000 bonds, at $92.50 per bond, and the sales were not completed, but would have been, in the language of the complaint, "had not material representations contained in the aforesaid prospectus and other data furnished by the defendants been false, and had not the defendants sent to Germany, with the plaintiff, the defendant Harry Silverberg, whose evil reputation was a contributing cause of the refusal of the purchasers to complete their purchase, and had not the defendants recalled the plaintiff from Germany and withdrawn the bonds from his hands before he had reasonable opportunity of completing the sales." Damages, measured by the difference between $80 a bond and the price of $92.50, are sought. For a second cause of action the same facts are pleaded to support a recovery upon quantum meruit.

I fail to find that sufficient facts are stated to present a cause of action. There is no attempt to set forth a case of deceit; averments essential to such a case being omitted. The first cause of action is for the agreed compensation based upon substantial performance of the contract, or upon an excuse for nonperformance; but the reasons stated for the failure to sell the bonds do not accord with substantial performance or with the defendants' default of their agreement. No question of immorality or illegality of the transaction is really involved, although argued at some length by the defendants. The plaintiff being innocent of fraud, he could, according to the adjudged cases, have recovered his compensation from the defendants, had the sales been completed, notwithstanding the sellers' fraudulent intent; but there was no completion, and the right of recovery depends upon the contract between these parties and the duties which each assumed. The buyers (and the only buyers procurable at a profit to the plaintiff, so far as appears) refused to conclude the purchase, and three reasons are stated. If one reason had not arisen, obviously the others would have pre-

vented the sales; and thus, unless all three may be said to have sprung from the defendants' breach of their agreement, the plaintiff could not excuse his own failure to perform. His reward was to be based upon completed sales; and, unless sales were prevented by the defendants' default, he may recover nothing, since no bonds were sold. The action not being founded upon deceit, as I have noted, the first ground for the purchaser's refusal to accept the bonds—the falsity of the prospectus—can avail the plaintiff as an excuse only upon the theory that the defendants had impliedly warranted its truth. If I assume that this theory is tenable, because the employment to sell bonds necessitated the use of the prospectus, and its falsity meant impossibilty of performance, the second ground of excuse still does not, in any aspect, charge the defendants with an act of hostility to their contract with the plaintiff.

Silverberg, one of his employers, could certainly accompany him to Germany, if he saw fit; and the contract in no way held out, by implication, a warranty that this defendant or any other had not a bad reputation in that country. Deceit apart—and this action is strictly on the contract—the plaintiff took the risk of a defeat of his endeavors through bad companionship; and the court cannot aid by him torturing the agreement. Silverberg's sinister presence was one reason for the loss of these sales; but this was something that the plaintiff risked, and something which was not an excuse for his own nonperformance. Therefore, the only available purchasers having refused to buy for one reason which it was not the defendants' duty to avoid, no cause of action is stated, although, but for this, the other reasons—if all—might have sufficed to support the case. The third reason for the failure of the sales—the plaintiff's premature recall—may be deemed to be sufficiently pleaded, since all the circumstances which would have a bearing upon the question of what was a reasonable time would be in the nature of evidentiary matter, and not to be included in the complaint; but, since no prospective purchasers are indicated other than those with whom the plaintiff had failed in any event, and the recall being asserted to have had a bearing only upon these attempted sales and the reasonableness of the opportunity to complete them, this circumstance indicates no basis for a right of action.

The second cause of action is subject to the same infirmity as the first, since necessarily the right of recovery upon quantum meruit is founded upon the defendants' prevention of performance under the contract.

Demurrer sustained, with costs, with leave to plaintiff to amend upon payment of costs within 20 days.